USAO#2018R00086/DAW

RECEIVED
DEC 20 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | : | HON. BRIAN R. MARTINOTTI |
|---|---|---|
| | : | |
| | : | Criminal No. 18-757 (BRM) |
| v. | : | |
| | : | 18 U.S.C. § 2252A(a)(2)(A) |
| STEPHEN BRADLEY MELL | : | 18 U.S.C. § 2423(b) |
| | : | 18 U.S.C. § 2 |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
(Interstate Travel to Engage in Illicit Sexual Conduct)

From at least as early as in or around July 2017 through in or around December 2017, in Somerset County, in the District of New Jersey, and elsewhere, the defendant,

STEPHEN BRADLEY MELL,

did knowingly travel in interstate commerce for the purpose of engaging in illicit sexual conduct with Minor Victim 1, who had not yet attained the age of 18 years, specifically, the production of child pornography, and vaginal penetration in New York State prior to Minor Victim 1's 17th birthday.

In violation of Title 18, United States Code, Section 2423(b) and Section 2.

## COUNT TWO
(Receipt of Child Pornography)

From at least as early as in or around June 2017 through in or around December 2017, in Somerset County, in the District of New Jersey, and elsewhere, the defendant,

STEPHEN BRADLEY MELL,

did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), images and videos of Minor Victim 1, which images and videos had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, by any means, including by computer, and which were produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2)(A) and Section 2.

FORFEITURE ALLEGATION AS TO COUNT ONE

As a result of committing the offense in violation of 18 U.S.C. § 2423(b), as charged in Count One of this Information, the defendant,

STEPHEN BRADLEY MELL,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 2428(a):

- a. Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense charged in Count One; and

- b. Any property, real or personal, that constitutes or is derived from proceeds traceable to the offense charged in Count One.

The property to be forfeited includes, but is not limited to the following property seized from the defendant's residence on or about May 9, 2017:

- a. One Dell Dimension computer serial number BSCMK11,

- b. One Dell Precision computer, serial number C9TSTR1,

- c. One black iPhone 8, model A1863, IMEI: 356699085317740,

- d. Two Cruzer Micro 512MB thumbdrives,

- e. One Garmin Navdata device in white envelope,

- f. One DVR UMAX FLEX "Main House," VMC161412320217,

- g. One DVR UMAX FLEX "Barn," VMC161413030206,

- h. One LACIE EXTERNAL HARD DRIVE, serial number 15661310241814QR,

- i. One iPhone, IMEI 358813054826346,

- j. One Apple Macbook Pro, serial number C2VF8M3XDH2G,

- k. One Dell Inspiron I800, model PP01X, and

3

      l.      One 8G Sandisk Memory Vault, serial number 113701300199.

(hereinafter referred to collectively as the "Specific Properties").

## FORFEITURE ALLEGATION AS TO COUNT TWO

As a result of committing the offense in violation of 18 U.S.C. § 2252A(a)(2)(A), as charged in Count Two of this Information, the defendant,

### STEPHEN BRADLEY MELL,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 2253, (a) all visual depictions described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, shipped, or received in violation of Title 18, United States Code, Chapter 109A; (b) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in Count Two of this Information; and (c) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count Two of this Information and all property traceable to such property. The property to be forfeited includes, but is not limited to the Specific Properties.

### **Substitute Assets Provision**

If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

4

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

*Craig Carpenito*
CRAIG CARPENITO
United States Attorney

CASE NUMBER:

# United States District Court
## District of New Jersey

**UNITED STATES OF AMERICA**

v.

**STEPHEN BRADLEY MELL**

# INFORMATION FOR
18 U.S.C. §§ 2252A(a)(2)(A), 2423(b), 2

*CRAIG CARPENITO*
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

DANIELLE ALFONZO WALSMAN
*ASSISTANT U.S. ATTORNEY*
(973) 645-2724

USA-48AD 8
(Ed. 1/97)