

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

DAW/PL AGR
2018r00086

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

**RECEIVED**

May 31, 2019

JUN 1 7 2019

Robert Bianchi, Esq.
The Bianchi Law Group, LLC
4 York Avenue, 2nd Floor
West Caldwell, New Jersey 07006

Re: <u>Plea Agreement with STEVEN BRADLEY MELL</u>

Dear Mr. Bianchi:

      This letter sets forth the plea agreement between your client, STEVEN BRADLEY MELL, and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on June 3, 2019, if a signed copy of the plea agreement is not received by this Office on or before that date.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from STEVEN BRADLEY MELL, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to a two-count Information, which charges 1) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and 2) travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

      If STEVEN BRADLEY MELL enters a guilty plea and is sentenced on these charges to a term of 84 months' imprisonment and 5 years' supervised release, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against STEVEN BRADLEY MELL for a) from May 2017 through December 2017, knowingly receiving, distributing and producing child pornography of Minor Victim 1, b) engaging in interstate travel from July 2017 through November 2017 for the purpose of engaging in illicit sexual conduct with Minor

1

Victim 1, or c) engaging in the production of child pornography with Minor Victim 2. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by STEVEN BRADLEY MELL may be commenced against him, notwithstanding the expiration of the limitations period after STEVEN BRADLEY MELL signs the agreement.

Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the Probation Department of information related to sentencing, and such information may be used by the Court in determining STEVEN BRADLEY MELL's sentence. In the event that the Court defers a decision to accept the plea until the court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea.

Sentencing

### Count One – Receipt of Child Pornography

The violation of 18 U.S.C. § 2252A(a)(2) to which STEVEN BRADLEY MELL agrees to plead guilty carries a statutory maximum sentence of 20 years' imprisonment, a statutory mandatory minimum sentence of five (5) years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that STEVEN BRADLEY MELL has a prior sex offense conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the violation of 18 U.S.C. § 2252A(a)(2) to which STEVEN BRADLEY MELL agrees to plead instead carries a mandatory minimum sentence of fifteen (15) years and a statutory maximum prison sentence of forty (40) years.

## Count Two – Interstate Travel to Engage in Illicit Sexual Conduct

The violation of 18 U.S.C. § 2423(b) to which STEVEN BRADLEY MELL agrees to plead guilty carries a statutory maximum sentence of 30 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2426(a), if the Court determines that STEVEN BRADLEY MELL has a prior sex offense conviction, the violation of 18 U.S.C. § 2423(b) to which STEVEN BRADLEY MELL agrees to plead instead carries a maximum prison sentence of sixty (60) years.

Further, in addition to imposing any other penalty on STEVEN BRADLEY MELL, the sentencing judge: (1) will order STEVEN BRADLEY MELL to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order STEVEN BRADLEY MELL to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require STEVEN BRADLEY MELL to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should STEVEN BRADLEY MELL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, STEVEN BRADLEY MELL may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should STEVEN BRADLEY MELL be placed on a term of supervised release and subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, STEVEN BRADLEY MELL must be sentenced to at least five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and STEVEN BRADLEY MELL agree that a sentence of 84 months' imprisonment and 5 years' supervised release is the appropriate disposition of this case. Accordingly, if the Court accepts this plea agreement, STEVEN BRADLEY MELL will be sentenced to a term of 84 months' imprisonment and 5 years' supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on STEVEN BRADLEY MELL by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of STEVEN BRADLEY MELL's activities and relevant conduct with respect to this case.

## Stipulations

This Office and STEVEN BRADLEY MELL agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or STEVEN BRADLEY MELL from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and STEVEN BRADLEY MELL agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. STEVEN BRADLEY MELL further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any

4

component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.

## Forfeiture

STEVEN BRADLEY MELL agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computer and computer accessories on which law enforcement, in or about May 2018, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information and all property traceable to such property (the "Forfeitable Property").

STEVEN BRADLEY MELL further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. STEVEN BRADLEY MELL agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. STEVEN BRADLEY MELL understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

STEVEN BRADLEY MELL hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration

consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Registration Consequences

STEVEN BRADLEY MELL understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. STEVEN BRADLEY MELL wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. STEVEN BRADLEY MELL understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, STEVEN BRADLEY MELL waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

STEVEN BRADLEY MELL has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where STEVEN BRADLEY MELL resides; where he is an employee; and where he is a student. STEVEN BRADLEY MELL understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. STEVEN BRADLEY MELL further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. STEVEN BRADLEY MELL has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

## Other Provisions

6

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against STEPHEN BRADLEY MELL. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against STEPHEN BRADLEY MELL.

No provision of this agreement shall preclude STEPHEN BRADLEY MELL from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that STEPHEN BRADLEY MELL received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between STEPHEN BRADLEY MELL and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: DANIELLE ALFONZO WALSMAN
Assistant United States Attorney

APPROVED:

VIKAS KHANNA
Deputy Chief, Criminal Division

I have received this letter from my attorney, Robert A. Bianchi, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date: 5-31-19
STEPHEN BRADLEY MELL


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date: 5-31-19
ROBERT A. BIANCHI

8

## Plea Agreement with STEVEN BRADLEY MELL

### Schedule A

1. This Office and STEVEN BRADLEY MELL agree to stipulate to the following facts:

    a. From at least as early as July 2017 through December 2017, the defendant knowingly received images of child pornography from Minor Victim 1.

    b. With respect to Minor Victim 1, the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

    c. The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

    d. From at least as early as July 2017 through December 2017, and on more than one occasion, the defendant knowingly traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with Minor Victim 1, including illegal sexual acts and the production of child pornography.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of 84 months' imprisonment and 5 years' supervised release for the charges contained in the Information is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence below or above 84 months' imprisonment and 5 years' supervised release. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

4. STEVEN BRADLEY MELL knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is 84 months' imprisonment and 5 years' supervised release. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is 84 months' imprisonment and 5 years' supervised release. Furthermore, if the sentencing court accepts the stipulations set forth in Schedule A, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.