MAR 3 0 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

---
\* \* \* E M E R G E N C Y   M O T I O N \* \* \* E M E R G E N C Y   M O T I O N \* \* \*
---

STEVEN BRADLEY MELL
REGISTER NO. 71587-050
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

MARCH 24, 2020

THE HONORABLE BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

Re: United States v. Steven Bradley Mell, Docket No. 18-CR-757 (BRM)

Dear Judge Martinotti:

Defendant, in lieu of a more formal motion, respectfully submits this letter emergency motion in the wake of recent events at the Low Security Correctional Institution ("L.S.C.I. Allenwood") which create a substantial risk of significant exposure to the coronavirus. Defendant respectfully requests that the Court both appoint counsel and schedule this matter for a conference (telephonic or by video) to take place on or before March 31, 2020. For the reasons that follow, this motion should be promptly granted.

On March 23, 2020, approximately twenty (20) inmates were transferred into L.S.C.I. Allenwood. Staff could be seen (in full hazardous-material protective gear) escorting these inmates within the compound. Upon information and belief, the inmates were transferred from a federal detention center in New York City, to be quarantined at this institution. Inmates, including Defendant, watched in horror as these inmates were led into an area common to general population inmates. Upon information and belief, the inmates transferred here were exposed to the coronavirus, and at least one inmate at the facility from which they were transferred has tested positive for the virus. Suffice it to say that because the inmates transferred to L.S.C.I. Allenwood will certainly have contact with staff, dining wear, linen and clothing, just to name a few common items, all inmates -- including Defendant -- are at a considerably greater risk of being likely exposed to the coronavirus given its possible introduction into the institution.

Bail pending habeas review is authorized, and warranted, where there exists "extraordinary circumstances." Such circumstances include, but are not limited to, "poor health" and health risks. See, e.g., In re Souels, 688 F. App'x 134, 135 (3d Cir. 2017); Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) Under the current circumstances, bail is entirely appropriate and warranted to prevent irreversible and irreparable harm.

WHEREFORE, Defendant prays that the Court will promptly issue an order granting this motion in its entirety.

Respectfully submitted,

/s/ Steven Bradley Mell

STEVEN BRADLEY MELL

cc: U.S. Attorney (DNJ)