** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
TIME RECEIVED          REMOTE CSID          DURATION     PAGES     STATUS
May 1, 2020 at 3:18:52 PM EDT   BOP Inmate      64          2       Received
05/01/2020 14:17                BOP Inmate  917-727-9194                P 1

Case 3:18-cr-00757-BRM   Document 63   Filed 05/01/20   Page 1 of 2 PageID: 499

---

### E M E R G E N C Y   M O T I O N   ***   THREAT OF COVID-19   ***   E M E R G E N C Y   M O T I O N

---

MAY 1, 2020

[BY FAX: (609) 989-0496/(973) 645-4412]
THE HONORABLE BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
401 EAST STATE STREET
TRENTON, NEW JERSEY 08608

        Re: **United States v. Steven Bradley Mell, Docket No. 18-CR-757 (BRM)**

Dear Judge Martinotti:

    Defendant respectfully submits this emergency letter-motion, pursuant to 18 U.S.C. 3582(c)(1)(A), for an order modifying his term of imprisonment in the wake of the coronavirus pandemic, and the threat it poses to his safety. For the many reasons set out below, this motion should be promptly granted.*

I.   INTRODUCTION.

    As amended by the First Step Act of 2018, 18 U.S.C. 3582(c)(1)(A)(i) authorizes a court to modify and reduce a term of imprisonment upon a motion of the defendant (after the defendant has exhausted his administrative remedies), upon a finding that "extraordinary and compelling reasons" warrants such a reduction. 18 U.S.C. 3582(c)(1)(A)(i). Defendant here submits that he has exhausted his administrative remedies, insofar as he has requested relief from the Warden of his facility, and his request was denied. Further, since the Bureau of Prisons has determined that Defendant is not eligible for relief, further attempts at exhaustion would be nothing more than an exercise in futility. Further, this case presents both "extraordinary and compelling reasons" (i.e., Defendant's heightened vulnerability to contracting and perishing from the virus) to modify the sentence.

I.   EXTRAORDINARY AND COMPELLING REASONS TO MODIFY SENTENCE.

    Defendant is serving his sentence at the Low Security Correctional Institution in Allenwood, Pennsylvania. Since April 1, 2020, Defendant has been confined (24 hours) to his assigned housing unit, an open-air, dormitory-like setting, with approximately 150 other prisoners -- all in exceptionally close proximity to one another. Prisoners are often far less than six feet from each other. Thus, social distancing under these circumstances is an impossibility. Prior to April 1, 2020, the date a national prison "stay in place" directive was implemented, Defendant was afforded a daily opportunity to practice social distancing. The "stay in place" directive placed inmates in considerably closer proximity to one another, for considerably longer periods, increasing the potential for the virus to spread to more prisoners faster. Although Bureau of Prisons officials certainly intended for the "stay in place" initiative to minimize the likelihood of spreading the virus, and thus their goal to protect prisoners, the opposite is certain to prove to be the case.

    Notably, prisoners at Defendant's institution are not being tested for the virus, and minimal screening (temperature checks) are performed once a week. The lack of more robust screening or testing heightens the risk already associated with the pandemic. Placing prisoners in closer proximity to one another, for longer periods of time -- indeed, 24 hours a day -- without testing or frequent screening, is a recipe for disaster. A disaster that is certain to occur. This is especially true given the ability of the virus to lay dormant and apparently mutate. At least one lawmaker [Fred Keller, (R-Pa.) recently criticized the Bureau of Prisons for failing to adhere to public health guidelines, thereby placing prisoners at a greater risk.

Given Defendant's vulnerability, there is a substantial likelihood that, unless modified, the term of imprisonment imposed will effectively become a death sentence.

    These extraordinary and compelling reasons warrant swift and certain action by the Court. Clearly, the circumstances both authorize and warrant an order modifying the term of imprisonment, and the Court should endeavor to do so, promptly. See, United States v. Colvin, Docket No. 3:19-CR-179 (D. Conn. Apr. 2, 2020)(granting emergency modification motion to protect the prisoner from contracting the virus); United

States v. Resnick, Docket No. 12-CR-152 (S.D.N.Y. Apr. 2, 2020)(same); United States v. Sawicz, Docket No. 08-CR-287 (E.D.N.Y. Apr. 10, 2020)(same); United States v. Brannan, Docket No. 4:15-CR-80 (S.D. Tex. Apr. 3, 2020)(same).

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Defendant has requested of the Warden that he be released to home confinement under both the CARES Act, and directives issued by the U.S. Attorney General to the Bureau of Prisons on March 26, 2020 and April 3, 2020, in light of his heightened risk of contracting the virus, and perishing from it. The Warden declined his request citing to Bureau of Prisons policy rendering Defendant ineligible for the relief he seeks. Nothing more is required since any further attempts to exhaust his administrative remedies will be met with the exact same results. Further attempts would therefore be futile, and the Court has jurisdiction to entertain and grant this motion for emergency modification of the sentence.

"Even where exhaustion is seemingly mandated by statute or decisional law, [as is the case with Section 3582(c)(1)(A)(i)], the requirement is not absolute." Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019) Exhaustion would be unnecessary where an attempt to resolve the matter with the agency would be nothing more than an exercise in futility. An individual "may bypass the administrative process where exhaustion would be futile or inadequate." Honig v. Doe, 484 U.S. 305, 327 (1988); Smith v. Robinson, 468 U.S. 992, 1014 n.17 (1984). Exhaustion would be futile where there is a "certainty of an adverse decision" from the agency. Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993); McQueen v. Colo. Springs Sch. Dist. No. 11, 488 F.3d 868, 875 (10th Cir. 2007). "[I]f an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider," exhaustion is not required. Randolph-Sheppard Vendors of America v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986). Further, the fact that an administrative agency lacks, or believes itself to lack authority to act upon a dispute can make an adverse decision certain. See, Weinberger v. Wiesenfeld, 420 U.S. 636, 641 n. 8 (1975); McNeese v. Board of Education, 373 U.S. 668, 674-76 (1963).

Accordingly, the Court should consider this motion on the merits.

III. CONSIDERATION OF THE FACTORS SET FORTH IN 18 U.S.C. 3553(a).

The Court is required to consider the factors set forth in 18 U.S.C. 3553(a) in deciding whether to modify a term of imprisonment. In that regard, Defendant submits that nothing in Section 3553(a) counsel against granting this motion.

IV. CONCLUSION.

For the reasons stated, Defendant respectfully requests that this Court modify the term of imprisonment imposed by reducing it to "time-served," and directing his immediate release. Thereafter, Defendant will self-quarantine at his residence for at least 14-days, and adhere to any other restrictions or conditions that the Court in all its wisdom deems appropriate.

WHEREFORE, Defendant prays that this motion will be granted.

Respectfully submitted,

/s/ Steven Bradley Mell

---

STEVEN BRADLEY MELL
REGISTER NO. 71587-050
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

---

\* By notification dated April 30, 2020, the Warden denied Defendant's request for release based on his vulnerability to COVID-19, on the ground that Defendant was convicted of a sex offense. Such offenses are categorically excluded from those who may obtain release based on COVID-19. Notably, the Warden's denial implicitly acknowledges that Defendant is "at-risk." It should also be noted that the BOP has advised all inmates that COVID-19 is not a basis for them to exercise discretion to make a motion under 18 U.S.C. 3582(c)(1)(A). While the Government previously informed the Court that no inmates at L.S.C.I. Allenwood have been confirmed to have the virus, it is important to note that NO INMATES AT L.S.C.I. ALLENWOOD HAVE BEEN TESTED TO DETERMINE IF THEY HAVE THE VIRUS.