UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Crim. No. 18-757 (BRM) |
| Plaintiff, | : | |
| v. | : | |
| STEVEN BRADLEY MELL, | : | |
| Defendant. | : | |

## MOTION FOR COMPASSIONATE RELEASE
## DUE TO DANGER FROM THE CORONAVIRUS

COMES NOW the Defendant herein, STEVEN BRADLEY MELL, by and through the undersigned counsel, and moves this Honorable Court to order to grant his Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c) due to the substantial risk to himself and the community from the current COVID-19 pandemic. In support of the motion, Mr. Mell states the following.

Pursuant to 18 U.S.C. §3582(c)(1)(A)(I),

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

1

reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS §3553(a)] to the extent that they are applicable, if it finds that—

(I) extraordinary and compelling reasons warrant such a reduction.

**REQUESTS FOR RELEASE**

Mr. Mell has pursued compassionate release within the Bureau of Prisons as follows and recorded in Exhibit A:

- Filing on April 6, 2020 by letter to Warden White at FCI Allenwood-Low, from Mr. Mell' brother on defendant's behalf, requesting release. The request was denied on April 30, 2020. (see Exhibit A-1)

- Defendant Mell filed a second request to the Warden on April 7, 2020, seeking reconsideration for any and all possible options with supplemental submission to the Warden on June 5, 2020. This request was denied on June 5, 2020;(see Exhibit A-2)

    Defendant Mell was deemed inappropriate for release on both requests, we understand, because he is incarcerated on a sex offense, which presumptively makes him ineligible for release;

- Defendant Mell filed for release to the Bureau of Prisons,

   Regional Office on May 1, 2020. He has received no response to date;

- Despite having gotten no response, defendant Mell Filed for reconsideration with the Bureau of Prisons, Regional Office on June 6, 2020;

Mell believes he has exhausted his administrative remedies. However, even in the absence of exhaustion of administrative remedies, Mr. Mell submits that the current coronavirus situation has created a situation whereby the requirement to exhaust administrative remedies has been waived by various courts, so that inmates can be released from custody or have their custody modified to protect their well-being. In United States v. Sawicz, 2020 U.S. Dist. LEXIS 64418 (E.D.N.Y. Apr. 10, 2020), the court found that "[t]he COVID-19 outbreak at FCI Danbury, combined with the fact that the defendant is at risk of suffering severe complications if he were to contract COVID-19 because of his hypertension, justifies waiver here [of the exhaustion/waiting period....] I agree with the defendant that the risk of serious illness or death that he faces in prison constitutes an extraordinary and compelling reason militating in favor of his release." In United States v. Almonte, 2020 U.S. Dist. LEXIS 62524 (D. Conn. Apr. 9, 2020), the court found as follows:

> [A] combination of factors convinces me that there are extraordinary and compelling reasons to reduce Almonte's sentence. Almonte's medical condition may alone amount to an extraordinary and compelling reason to do so because his cervical myelopathy is a serious physical condition that will soon leave Almonte unable to care for himself in prison. If Almonte does not get the surgery he needs, he will not recover from his condition. If he remains in BOP's custody, Almonte will not get the surgery quickly enough. The surgery has already slipped through the cracks for a year and a half, and there is little chance for any improvement, given the rise of COVID-19 and concomitant logistical complications. Further, Almonte's rehabilitation from his former life of crime has been total, and he has a supportive network of family ready to help him reintegrate into society. . ."

Id.

Similarly, in Miller v. United States, 2020 U.S. Dist. LEXIS 62421 (E.D. Mich. Apr. 9, 2020), the court waived the exhaustion/waiting period under §3582(c)(1) as defendants with underlying medical conditions who have a higher risk of falling severely ill from COVID-19 should be granted compassionate release in order to avoid a "lethal decision." See also, United States v. Gentille, 2020 U.S. Dist. LEXIS 62680 (S.D.N.Y. Apr. 9, 2020).

Recently, Scott Schaefer was granted compassionate release from Allenwood Low due to COVID-19

**DEFENDANT MELL'S MEDICAL CONDITIONS**

Mell suffers from several medical conditions:

- A liver disease called Primary Sclerosing Cholangitis

(PSC), a progressive, non-curable and ultimately fatal disease which causes diminishing of the bile ducts from the liver. While ultimately fatal, this disease is treatable. He has been treated successfully for many years by the Mayo Clinic and Mt. Sinai for 21 years, most recently with Ursodiol. PSC makes Mell more than typically vulnerable to the effects of COVID-19. It should be noted that medical staff at Allenwood refused to prescribe Ursodiol for Mell since his arrival;

- Mell also suffers from Crohn's Disease (an immunodeficiency disorder), hypertension, high cholesterol and asthmatic bronchitis. Indeed, breathing related difficulties are the hallmark of COVID-19 and the proximate cause of most deaths due to the virus. More than one of these medical conditions could adversely affect his survivability from COVID-19;
- As a result of his conditions, Mell submits that he is at higher risk of suffering severe illness should he contract the coronavirus. This state of affairs necessitates compassionate release;
- Mell's medical records are attached; (see Exhibit B)

**CONDITIONS AT ALLENWOOD LOW**

The housing conditions at Allenwood Low, where Mell is incarcerated, are understandably casual. However during this

pandemic the conditions become riskier than a normal institution. Mell shares an 8 foot by 10 foot cube with two other men. The person sleeping on the top bunk is 8 inches away from the person sleeping in the top bunk in the next cube. There are 360 men housed, with Mell, in dormitory style conditions (known as the Greg Dormitory) with no separation, no social distancing opportunities and little opportunity to effectuate hand-washing as is recommended. There are four (4) toilets, four (four) sinks and six (6) showers for 360 men. These 360 men roam about in the dormitory at will all day. Mell submits that the health risk to himself and the community is dramatically heightened in this pandemic given these conditions at Allenwood Low.

Mell advises that there has been no testing for the virus, so Bureau of Prisons claim of no infection is no more than an optimistic spin of the intentional ignorance. The Bureau of Prisons claimed that there was no COVID-19 infection in the Allenwood Low, Medium or USP Allenwood. This was disproved during discovery related to a civil suit: at least one person had died at the medium and the UPS. In addition, Bureau of Prisons staff is regularly rotated between the various facilities at Allenwood, allowing ready spread of infection.

**FACTS THAT SUPPORT A CONCLUSION OF LOW RISK IF RELEASED**

Mell suggests there are a number of facts related to his case and his history which the Court could consider.

- Mell has served one year of his 60 month sentence;

- He has had no infractions while incarcerated;

- During Mell's pre-trial release of 14 months, he was within 2 miles of the victim in his case. There was never any contact by Mell to the victim nor were there any problems with his behavior or compliance with PTS requirements (once Mell impermissibly stopped at a CVS on his way home from meeting with his attorney);

- In preparation for a bail hearing in 2018, in the criminal matter, Mell was evaluated at the Adult Diagnostic and Treatment Center (Avenel). The Avenel report stated that Mell posed zero risk of recidivism; (The defense has requested but not yet received a copy of this document. Once it is received it will be forwarded to the Court)

- A Risk Assessment done by the Bureau of Prisons, found that Mell presents a minimal risk of re-offense. (The defense has requested but not yet received a copy of this document. Once it is received it will be forwarded to the Court);

- Mell is incarcerated at Allenwood Low; evidence that he presents little risk to the community;

- Mell is employed at Allenwood in the Facilities Department,

7

on 24-hour call-out. This means that he is allowed access to tools, further indicating that he is deemed to be a low risk inmate;

- Mell works as an instructor in the ACE program at Allenwood Low, teaching inmates financial literacy. This program qualifies as Inmate Programing under the Care Act;
- Further, Mell has repeatedly expressed his remorse at his offense;
- Mell has no prior offenses, sexual or otherwise;
- If released, Mell would reside at the home of a friend in Bedminster, New Jersey. This home was approved by Pre-trial Services and where he lived for the 14 months he was on pre-trial release and where he had no problems;
- If released, Mell would obtain employment as an analyst with an investment firm owned by a friend;

**CONCLUSION**

Mell submits that above information identifies extraordinary and compelling reasons justify his release due to the coronavirus pandemic. He submits that he is at risk of contracting COVID-19 should he remain incarcerated, which could result in a debilitating illness. As of this writing, the spread of COVID-19 is again on the rise in many places: places that replicate the lack of social distancing found in jails and

prisons.

**WHEREFORE,** in consideration of the foregoing, Mr. Steven Mell respectfully prays that this Court issue an Order granting compassionate release.

Respectfully submitted,

*/s/ Bruce Throckmorton*
Bruce Throckmorton, Esq.
Attorney for the Defendant
143 Whitehorse Avenue
Trenton, New Jersey 08610
609-585-0050
bthrockmorton.esq@gmail.com

9